NOT FOR PUBLICATION                                  [Docket No. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| C.M. and CATHERINE P. FERNANDEZ,<br><br>    Plaintiffs,<br><br>        v.<br><br>PEMBERTON TOWNSHIP HIGH SCHOOL, et al.,<br><br>    Defendants. | Civil No. 16-9456 (RMB/JS)<br><br>**OPINION** |

Plaintiffs C.M., a minor, and her mother, Catherine P. Fernandez (together, the "Plaintiffs") filed this civil rights action on December 19, 2016, along with an application to proceed in forma pauperis ("IFP") [Docket Nos. 1, 1-1]. Plaintiffs have established their indigency, and leave to proceed in this Court without prepayment of fees is authorized. See 28 U.S.C. § 1915.  The IFP application will be granted. Therefore, the Court will review the Complaint as required by 28 U.S.C. § 1915(e)(2)(B).

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff C.M. is a high school student in Pemberton Township High School with Attention Deficit Hyperactivity Disorder.  Compl. p. 15.  Plaintiffs allege that, on January 14, 2015, C.M. was tripped by another student, causing C.M. to

injure her knee and damage her cellular phone.  Compl. p. 22 ¶ B.1.  C.M. was taken to the hospital and evaluated by an orthopedic specialist.  Compl. p. 22 ¶¶ B.2-4.  C.M. attended physical therapy sessions for several weeks after the alleged incident and continues to have pain in her knee.  Compl. p. 22 ¶¶ B.4-8.  Plaintiffs also allege that, on or around May 12, 2015, C.M. was bitten and bruised by another student.  Compl. p. 23 ¶ B.10.

According to Plaintiffs, C.M. was harassed by other students because of her disability and her gender.  Compl. p. 23 ¶ C.15.  Plaintiff Fernandez, C.M.'s mother, reported the incidents to the assistant principal.  As to the first incident, the assistant principal and a school counselor reviewed the surveillance video and interviewed the alleged harasser.  The counselor also interviewed C.M.  OCR Determination, Compl. p. 16.  As to the second incident, an assistant principal interviewed teachers at the school and spoke with C.M.  Ultimately, no formal harassment investigation was opened, because the school officials determined "because it was not a harassment, intimidation or bullying incident; rather, the incident involved the student spending time with her boyfriend and a parent not wanting her to spend time with [the other student]."  Id. p. 18.

2

Despite these steps, Plaintiffs contend that the school officials and school board failed to properly investigate their allegations. Plaintiffs claim that C.M. has been improperly excluded from certain school activities as a result of the school officials' failure to investigate and address Plaintiffs' allegations of sex and disability discrimination. Compl. p. 23 ¶ C.15 – p. 24 ¶¶ C.15-21.

On or about June 25, 2015, Plaintiff Fernandez instituted a complaint against the Pemberton Township School District (the "School District") with the U.S. Department of Education Office for Civil Rights ("OCR"). In addressing the complaint, the OCR explained that:

> You [Fernandez] alleged that the District discriminated against your daughter (the Student) [C.M.] on the bases of her disability and sex, by failing to respond appropriately to the complaints you made on or about January 14, 2015, that a student (Student A) subjected the Student bullying and harassment because of her disability and sex (Allegation 1); and on or about May 12, 2015, that a different student (Student B) subjected the Student to bullying and harassment because of her disability and sex (Allegation 2). You also alleged that the District retaliated for your complaints of sex and disability harassment, by reporting you to the New Jersey State Division of Youth and Family Services (NJSDYF) in or around May 2015 (Allegation 3).

OCR Determination, Compl. p. 11.[1]

---

[1] Plaintiffs appear to incorporate by reference the allegations and findings set forth by the OCR in its March 22, 2016 determination, which is attached to the Complaint.

3

The OCR considered the allegations in light of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), as amended, 29 U.S.C. § 794, Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12131, et seq., and Title IX of the Education Amendments of 1972 ("Title IX"), as amended, 20 U.S.C. § 1681, et seq., as well as the relevant implementing regulations. The OCR determined, as a preliminary matter, that the School District failed to provide appropriate notice of its Title IX, Section 504, and ADA Coordinators, as required by the regulations implementing each of these statutes. OCR Determination, Compl. p. 13. The OCR also determined that the School District's policy against harassment, intimidation, and bullying did not comply with the regulations implementing Title IX, Section 504, or the ADA. Id. p. 14. According to the OCR's determination, the School District agreed to implement a resolution agreement that addresses these concerns and to conduct a supplemental investigation, the results of which were to be communicated to Plaintiff Fernandez. Id. p. 15; Compl. p. 10, 22. Plaintiffs contend that the School District has failed to comply with the resolution agreement. Compl. p. 22.

As to Fernandez's allegation that C.M. was harassed by another student due to her disability and sex on or around January 14, 2015, the OCR determined that:

4

> the District was on notice of an allegation of
> disability harassment, but failed to take effective
> action to determine if harassing conduct occurred on
> the basis of the Student's disability, as alleged;
> whether it created a hostile environment for Student;
> and if so, to stop the harassment, prevent its
> recurrence, and as appropriate, remedy its effects.
> . . . With respect to the portion of complainant's
> allegation that the District failed to respond to her
> complaint of sexual harassment regarding Allegation 1,
> OCR determined that there was no evidence to
> substantiate that the complainant filed the complaint
> on this basis.

OCR Determination, Compl. p. 17.

The OCR also evaluated the School District's response to Fernandez's complaint that C.M. had been bruised and bitten by another student, on or around May 12, 2015. The OCR found that:

> the District was on notice of an allegation of sexual
> harassment, but failed to take effective action to
> determine if sexually harassing conduct occurred, as
> alleged; whether it created a hostile environment for
> the Student; and if so, to stop the harassment,
> prevent its recurrence, and as appropriate, remedy its
> effects. . . . With respect to the portion of
> complainant's allegation that the District failed to
> respond to her complaint of disability harassment
> regarding Allegation 2, OCR determined that there was
> no evidence to substantiate that the complainant
> reported the complaint on this basis.

Id. p. 19. As to Fernandez's claims of retaliation, the "OCR determined that there was insufficient evidence to substantiate the complainant's allegation that the District retaliated for her complaint of sex and disability harassment, by reporting her to the DCPP in or around May 2015." Id. p. 21. The OCR determination further stated that "[t]he complainant may have

5

the right to file a private suit in federal court whether or not OCR finds a violation."  Id.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must screen a complaint filed by plaintiffs who are proceeding in forma pauperis, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual conduct that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679.  In other words, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to

'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

Courts must liberally construe pleadings filed by pro se litigants. Erickson v. Pardus, 551 U.S. 89, 94 (2007). If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

### III. DISCUSSION

On December 19, 2016, the Court received Plaintiffs' Complaint against Pemberton Township High School, Pemberton Township Board of Education (together, the "Pemberton Defendants"), as well as three "staff members," John Bamber, Ida Smith, and Kathleen Devlin (collectively, the "Individual Defendants"). Plaintiffs assert claims under Section 504 of the Rehabilitation Act, Title II of the ADA, and Title IX of the Education Amendments of 1972. Plaintiffs claim that they have both suffered injuries as a result of the Defendants' alleged discrimination and seek punitive damages and compensatory damages.

As a preliminary matter, the Court notes that Plaintiff Fernandez may bring discrimination claims against the School District on behalf of her minor daughter, C.M. She, however, does not have standing to assert personal claims based on

7

alleged violations of C.M.'s rights.  See, e.g., D.V. v. Pennsauken Sch. Dist., 2013 WL 4039022, at *9 (D.N.J. Aug. 7, 2013) ("'On its face, the statutory language of Title IX applies only to students and participants in educational programs.' Even 'parents of a student whose rights were violated do not have standing to assert personal claims under Title IX, but do have standing to assert claims on the student's behalf.' Therefore, B.V., as D.V.'s legal guardian, does not have standing to assert a personal claim under Title IX based on the alleged violation of D.V.'s rights.") (internal citations omitted) (quoting Dipippa v. Union Sch. Dist., 819 F. Supp. 2d 435, 446 (W.D. Pa. 2011)); Sher v. Upper Moreland Twp. Sch. Dist., 2012 WL 6731260, at *1 (E.D. Pa. Dec. 28, 2012) (holding that minor's guardians did not have standing to assert discrimination claim in their own rights, based upon alleged discrimination against minor, under Section 504 of the Rehabilitation Act); Cottrell v. J & R Disc. Liquor Gallery, Inc., 2009 WL 1085729, at *3-4 (D.N.J. Apr. 21, 2009) (holding that parents did not have standing to maintain personal ADA claim based upon alleged discrimination against disabled child because parents are not disabled, which is a required element of ADA discrimination claim); D.A. v. Pleasantville Sch. Dist., 2009 WL 972605, at *8 (D.N.J. Apr. 6, 2009) (dismissing parents' personal discrimination claims under ADA and Rehabilitation Act

8

because parents "do not have standing to pursue their own claims against the District Defendants arising out of the alleged discrimination against [child].").

To the extent Plaintiff Fernandez seeks to pursue any discrimination claims in her own right under Title II of the ADA, Section 504 of the Rehabilitation Act, or Title IX of the Education Amendments, those claims are dismissed with prejudice for lack of standing. The Complaint does not explicitly state that Plaintiff Fernandez seeks to bring discrimination claims on behalf of C.M., as her minor daughter. The Court, however, must construe pro se pleadings liberally. Accordingly, Plaintiff Fernandez has standing to bring discrimination claims in this matter based upon alleged discrimination against C.M. on C.M.'s behalf only.[2]

---

[2] Plaintiff Fernandez unsuccessfully pursued a retaliation claim before the OCR. It is unclear, however, whether Plaintiffs purport to assert a retaliation claim before this Court as well. Plaintiffs have not alleged any facts supporting a causal connection between the School District's decision to report Fernandez to DCPP and Fernandez's decision to file a complaint with the OCR, as required to state a retaliation claim under the Rehabilitation Act, the ADA, and Title IX. See, e.g., Yan Yan v. Penn State Univ., 529 F. App'x 167, 171 (3d Cir. 2013) ("To prevail on this claim [retaliation in violation of Title IX], [plaintiff] needed to show that [defendant] 'retaliated against [her] because [she] complained of sex discrimination.") (emphasis in original) (quoting Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005)); Stouch v. Twp. Of Irvington, 354 F. App'x 660, 667 (3d Cir. 2009) ("To establish a prima facie case of retaliation under the ADA, [plaintiff] was required to show: '(1) protected employee activity; (2) adverse action by the employer either after or

The Court now turns to the substance of Plaintiffs' allegations and screens such allegations pursuant to 28 U.S.C. § 1915(e)(2)(B).

**A. Individual Liability**

Plaintiffs purport to assert claims under Title II of the ADA, Section 504 of the Rehabilitation Act, and Title IX of the Education Amendments against the three Individual Defendants. These statutes, however, do not provide for individual liability. See, e.g., Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257 (2009) ("Title IX reaches institutions and programs that receive federal funds . . . , but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."); Bowens v. Wetzel, --- F. App'x ---, 2017 WL 35712, at *2 (3d Cir. Jan. 4, 2017) (affirming district court's dismissal of amended

---

contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.'") (quoting Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 759 (3d Cir. 2004)); Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (to establish retaliation claim under Rehabilitation Act, plaintiff must plead "(1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action."). Accordingly, to the extent that Plaintiffs seek to pursue a retaliation claim before this Court, the retaliation claim is dismissed without prejudice. Plaintiffs may amend their complaint to plead the necessary elements of such a claim, if they so choose.

complaint, noting that "the District Court could have properly followed the holdings of those circuits which have concluded that there is no individual damages liability under Title II of the ADA, which provides an additional basis to affirm the dismissal of this claim."); A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals."); Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (suggesting in dicta that "individuals are not liable under Titles I and II of the ADA") (citing Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (holding that Title II does not permit suits against individuals)); Sarboukh v. Glading, 2015 WL 5255556, at *5 (D.N.J. Sept. 8, 2015) ("'[I]ndividual liability is not contemplated under Title II of the Disability Act and § 504 of the Rehabilitation Act' and a claim against an individual, as opposed to a claim against the public entity denying its benefits, is not cognizable under the Acts.") (quoting Calloway v. Boro of Glassboro Dep't of Police, 89 F. Supp. 2d 543, 557 (D.N.J. 2000)).

Accordingly, each of Plaintiffs' claims against the Individual Defendants, John Bamber, Ida Smith, and Kathleen Devlin, will be dismissed with prejudice.

**B. Title IX of the Education Amendments of 1972**

Title IX provides, in relevant part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a). Plaintiffs do not allege that the School District or any school officials personally discriminated against C.M. Rather, Plaintiffs contend that C.M. was discriminated against by her classmates on account of her sex and that the Pemberton Defendants failed to adequately investigate, address, and remedy the alleged discrimination.

A plaintiff may pursue a claim for "student-on-student sexual harassment against school districts under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. § 1681. But the private right of action only lies where the school district is deliberately indifferent to known acts of sexual harassment and the harasser is under the school's disciplinary authority." Doe v. Bellefonte Area Sch. Dist., 106 F. App'x 798, 799-800 (3d Cir. 2004) (internal citations omitted) (citing Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 633 (1999)).

In other words, to establish a Title IX discrimination claim against the Pemberton Defendants based upon alleged sex

12

discrimination against C.M. by her classmates, the Plaintiffs must plead "(1) that the school board exercised substantial control over both the harasser and the context in which the harassment occurred; (2) the school board had 'actual knowledge' of the harassment; (3) the school board was 'deliberately indifferent' to the harassment; and (4) the harassment was 'so severe, pervasive, and objectively offensive that it [could] be said to [have] deprive[d] the victims of access to the educational opportunities or benefits provided by the school." Lockhart v. Willingboro High Sch., 170 F. Supp. 3d 722, 736 (D.N.J. 2015) (quoting Davis, 526 U.S. at 645, 650). "Deliberate indifference occurs when a school district official 'is advised of a Title IX violation [and] refuses to take action.'"  D.V., 2013 WL 4039022, at *9 (citing Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998)).

Plaintiffs clearly allege that C.M. was harassed by another student within the Pemberton Township School District on the basis of her sex while at school and that the Pemberton Defendants were made aware of the incident.  As the alleged harasser was another student and the incident occurred on school premises, the Pemberton Defendants had substantial control over both the alleged harasser and the context in which the alleged harassment occurred.

13

Construed liberally in light of Plaintiffs' pro se status, Plaintiffs have also adequately pled deliberate indifference on the part of the Pemberton Defendants.  Plaintiffs allege that the Pemberton Defendants refused to take proper action after they became aware of the alleged harassment.  Plaintiffs also have incorporated the OCR's determination that the Pemberton Defendants failed to take appropriate action in light of the complaints of sexual harassment.

"[I]n the context of student-on-student harassment, damages are available only where the behavior is so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect." Davis, 526 U.S. at 652.  Plaintiffs allege that C.M. has suffered a knee injury, emotional injuries, and humiliation as a result of the alleged harassment and the Pemberton Defendants' failure to adequately respond to the allegations, such that she is effectively excluded from the educational opportunities and benefits offered by her school.  The Complaint, however, only pleads two seemingly isolated instances of alleged harassment or discrimination, not pervasive conduct.  Moreover, the Complaint does not state how C.M. has been denied equal access to educational opportunities or benefits as a result of these two incidents.  Even liberally construed, the Court finds that Plaintiffs have not alleged harassment that is "so severe,

14

pervasive, and objectively offensive" such that it has deprived C.M. access to the educational opportunities or benefits provided by her school.

As Plaintiffs have failed to adequately plead each of the elements of a discrimination claim under Title IX, Plaintiffs' Title IX claim against the Pemberton Defendants will be dismissed without prejudice.  Nevertheless, Plaintiffs will be permitted an opportunity to amend their pleadings to remedy this deficiency, if they so choose.

### C. Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act

Plaintiffs seek relief under both Section 504 of the Rehabilitation Act and Title II of the ADA.  Both statutes prohibit discrimination on the basis of disability.  "Because 'Congress has directed that the ADA be interpreted in a manner consistent with the Rehabilitation Act,'" this Court will consider Plaintiffs' claims under the ADA and the Rehabilitation Act together.  Weidow v. Scranton Sch. Dist., 460 F. App'x 181, 184 (3d Cir. 2012) (internal modifications omitted, emphasis in original) (quoting Yeskey v. Com. of Pa. Dep't of Corr., 118 F.3d 168, 170 (3d Cir. 1997)); accord Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 189 (3d Cir. 2009) ("Because the same standards govern both the Chambers'

15

[Rehabilitation Act] and ADA claims, we may address both claims in the same breath.").

Section 504 of the Rehabilitation Act provides that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity received Federal financial assistance . . . .

29 U.S.C. § 794(a). Accordingly, to state a claim under Section 504 of the Rehabilitation Act, a plaintiff must allege that "(1) the student was disabled; (2) (s)he was 'otherwise qualified' to participate in school activities; (3) the school district received federal financial assistance; and (4) the student was excluded from participation in or denied the benefits of the educational program receiving the funds, or was subjected to discrimination under the program." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 275 (3d Cir. 2014).

Similarly, Title II of the ADA provides that:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C § 12132. To establish a discrimination claim under Title II of the ADA, Plaintiffs must allege that (1) C.M. is a qualified individual with a disability; and that (2) C.M. was excluded from participation in or denied the benefits of the

16

services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (3) by reason of her disability.  <u>Lopez v. Beard</u>, 333 F. App'x 685, 687 n. 1 (3d Cir. 2009).

Moreover, "claims for compensatory damages under § 504 of the [Rehabilitation Act] and § 202 [Title II] of the ADA also require a finding of intentional discrimination."  <u>S.H. ex rel. Durrell v. Lower Merion Sch. Dist.</u>, 729 F.3d 248, 261 (3d Cir. 2013).  "A showing of deliberate indifference may satisfy a claim for compensatory damages" under Section 504 and Title II.  <u>Id.</u> at 263.  Additionally, "[d]eliberate indifference does not require a showing of personal ill will or animosity toward the disabled person."  <u>Id.</u>  Rather, deliberate indifference can be established where the defendant has knowledge "that a harm to a federally protected right is substantially likely" and the defendant fails to act.  <u>Id.</u> (internal citations omitted).

The Complaint alleges that C.M. is a disabled, but otherwise, qualified student who suffers from Attention Deficit Hyperactivity Disorder.  Additionally, the OCR determination, which is incorporated in Plaintiffs' pleadings, states that the Pemberton Defendants are public entities that receive federal financial assistance.  The Complaint alleges that C.M. was harassed and/or discriminated against by a fellow student because of her disability and that the Pemberton Defendants were

17

made aware of this allegation of disability discrimination, but failed to adequately respond and investigate.

As currently pled, the Complaint baldly states that C.M. "suffered humiliation from the exclusion of a protected activity at a public school," and that C.M. "is aware of the malice other people who have excluded her from certain activities due to her disabilities. However, it is more painful for the plaintiff [C.M.] to know the defending district staff may have been similar in excluding her from protected activities at a public school." Compl. p. 24 ¶¶ 17-18. The Complaint, however, does not sufficiently allege, even when liberally construed, that C.M. has been excluded from participation in or denied the benefits of the services, programs, or activities offered by her school or that the Pemberton Defendants discriminated against her on the basis of her disability.

There are no allegations that even indicate that the Pemberton Defendants failed to adequately respond to Plaintiffs' complaints because C.M. was disabled. See Butler v. Mountain View Sch. Dist., 2013 WL 4520839, at *8 (M.D. Pa. Aug. 26, 2013) (dismissing Rehabilitation Act claim as "no facts put forth in the complaint suggest that even if the school did fail to protect the decedent from bullying, their failure was predicated upon an intent to single out one particular disabled student."). The Court reiterates that the Complaint alleges, at most, two

18

isolated instances of disability harassment or discrimination by other students and does not state how C.M. has been denied equal access to educational opportunities or benefits as a result of these two incidents. Accordingly, Plaintiffs' ADA and Rehabilitation Act claims will be dismissed without prejudice. Plaintiffs, however, shall be granted an opportunity to amend the pleadings to remedy the deficiencies identified herein.

### D. Punitive Damages

Plaintiffs seek "punitive damages, compensatory damages, and general damages in the sum of $6,000,000 for past, present, and future pain and suffering." Compl. p. 25 ¶ V. To the extent that Plaintiffs seek punitive damages for violations of the ADA, Section 504, and/or Title IX, those claims must be dismissed with prejudice. As a matter of law, punitive damages may not be awarded for violations of Title II of the ADA, Section 504 of the Rehabilitation Act, or Title IX of the Education Amendments. See, e.g., Barnes v. Gorman, 536 U.S. 181, 189 (2002) (no punitive damages may be awarded in suits brought under Title II of the ADA or Section 504 of the Rehabilitation Act); A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804 (3d Cir. 2007) (punitive damages not available in suit under Section 504 of the Rehabilitation Act); E.K. v. Massaro, 2013 WL 5539357, at *6 (D.N.J. Oct. 7, 2013) (citing Mercer v.

19

Duke Univ., 50 F. App'x 643, 644 (4th Cir. 2002)) (no punitive damages under Title IX).

## IV. CONCLUSION

Plaintiffs' IFP application is granted.  Additionally, for the foregoing reasons, the Court finds that the Complaint fails to state a cause of action.  Plaintiffs' claims under Title IX of the Education Amendments of 1972, Title II of the ADA, and Section 504 of the Rehabilitation Act against the Individual Defendants, John Bamber, Ida Smith, and Kathleen Devlin, are dismissed with prejudice.  Likewise, Plaintiffs' demands for punitive damages for violations of Title IX of the Education Amendments of 1972, Title II of the ADA, and Section 504 of the Rehabilitation Act are dismissed with prejudice.  Additionally, to the extent that Plaintiff Fernandez seeks to assert personal claims under Title IX of the Education Amendments of 1972, Title II of the ADA, and Section 504 of the Rehabilitation Act, those claims are dismissed with prejudice.  Plaintiffs' remaining claims against the Pemberton Defendants are dismissed without prejudice.  Plaintiffs may file an amended complaint, remedying the deficiencies identified herein, within thirty (30) days, if they so choose.  An appropriate Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: January 27, 2017