[Docket No. 6, 7]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| C.M. and CATHERINE P. FERNANDEZ, on behalf of her minor daughter, C.M.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PEMBERTON TOWNSHIP HIGH SCHOOL, et al.,<br><br>    Defendants. | Civil No. 16-9456 (RMB/JS)<br><br>**OPINION** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Plaintiffs C.M., a minor, and her mother, Catherine P. Fernandez (together, the "Plaintiffs") originally filed this civil rights action and an application to proceed in forma pauperis ("IFP") on December 19, 2016 [Docket Nos. 1, 1-1]. On January 27, 2017, the Court granted Plaintiffs' IFP application [Docket No. 3]. The Court also screened Plaintiffs' Complaint, as required by 28 U.S.C. § 1915(e)(2)(B), and issued an Opinion on January 27, 2017 [Docket No. 2] (the "January 2017 Opinion"), dismissing with prejudice all claims by Plaintiffs against individual defendants John Bamber, Ida Smith, and Kathleen Devlin (the "Individual Defendants"), and dismissing without prejudice Plaintiffs' claims against the Pemberton Township High School District (the "School District") and the Pemberton

1

Township Board of Education (together with the School District, the "Pemberton Defendants").

The Court granted Plaintiffs leave to file an amended complaint remedying the deficiencies identified in its January 2017 Opinion, within thirty days.  Plaintiffs timely requested an extension of the time to amend the pleadings, which this Court granted [Docket Nos. 4, 5].  On March 17, 2017, Plaintiffs submitted an Amended Complaint [Docket No. 6].  Thereafter, on March 30, 2017, Plaintiffs filed a submission entitled "Motion for Punitive Damages" [Docket 7].  The Court now screens Plaintiffs' Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and, for the reasons set forth below, finds that the Amended Complaint shall proceed.  Additionally, the Court denies Plaintiffs' Motion for Punitive Damages.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The underlying facts of this suit are recited in the January 2017 Opinion [Docket No. 2].  The Court incorporates the facts as set forth in the January 2017 Opinion by reference, to the extent those facts have been restated in the Amended Complaint.  The Court will nevertheless provide an overview of the relevant factual and procedural background, as well the new allegations included in the Amended Complaint.

Plaintiff C.M. is a high school student with Attention Deficit Hyperactivity Disorder ("ADHD") enrolled at Pemberton

2

Township High School.  Am. Compl. p. 5.  Plaintiffs allege that C.M. suffered a series of physical assaults and sexual and gender harassment by other students.  Id. pp. 6-8.  These alleged incidents include a student tripping and injuring C.M., students punching C.M. in the stomach, multiple unexplained sprains, and at least one occurrence of sexual harassment by another student.  Id. p. 6.  Plaintiffs allege that after notifying the school officials of these incidents, the Pemberton Defendants did not properly investigate the allegations, exhibiting deliberate indifference to the matters.  As a result, Plaintiffs allege that the Pemberton Defendants violated C.M.'s civil rights by depriving her of protection from an unsafe educational environment and the ability to participate in certain educational activities, such as after-school tutoring. Id. pp. 17-20.

On or about June 25, 2015, Plaintiff Fernandez instituted a complaint against the School District with the U.S. Department of Education Office for Civil Rights ("OCR"), alleging sex and disability discrimination by the School District against C.M. on the basis of its failure to adequately respond to Plaintiffs' complaints.  Id. p. 17.

The OCR considered the allegations in the context of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), as amended, 29 U.S.C. § 794, Title II of the Americans with

Disabilities Act (the "ADA"), 42 U.S.C. § 12131, et seq., and Title IX of the Education Amendments of 1972 ("Title IX"), as amended, 20 U.S.C. § 1681. The OCR determined, as a preliminary matter, that the School District failed to adequately respond to Plaintiffs' allegations, of which the School District was on notice, and that the School District's existing and proposed anti-bullying and anti-discrimination policies did not comply with the requirements of Title IX, Section 504, or the ADA. OCR Determination, Am. Compl. pp. 26, 29-32.[1] Following the OCR's determination, the School District agreed to implement a resolution agreement to address these concerns and to conduct a supplemental investigation into the tripping incident, the results of which were to be communicated to Plaintiff Fernandez. Id. p. 29. Plaintiffs contend that the School District has failed to comply with the resolution agreement. Am. Compl. p. 9. The OCR also noted, "[t]he complainant may have the right to file a private suit in federal court whether or not OCR finds a violation." OCR Determination, Am. Compl. p. 33.

Plaintiffs commenced the present action against the Pemberton Defendants and three individuals on December 19, 2016, alleging violations of Section 504, the ADA, and Title IX.

---

[1] The Court, once again, notes that Plaintiffs appear to incorporate by reference the allegations and findings set forth by the OCR in its March 22, 2016 determination, which is attached to the Amended Complaint.

4

After reviewing the Complaint, in accordance with 28 U.S.C. § 1915(e)(2)(B), on January 27, 2017, the Court dismissed all claims against the Individual Defendants with prejudice and all claims against the Pemberton Defendants without prejudice [Docket Nos. 2, 3]. Plaintiffs amended their pleadings on March 17, 2017 [Docket No. 6].

**II. STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court must screen a complaint filed by plaintiffs who are proceeding <u>in forma pauperis</u>, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual conduct that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). "While legal conclusions can provide the framework of a

5

complaint, they must be supported by factual allegations." Id. at 679. In other words, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

Courts must liberally construe pleadings filed by pro se litigants. Erickson v. Pardus, 551 U.S. 89, 94 (2007). If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

**III. DISCUSSION**

As a preliminary matter, the Court notes that it previously dismissed with prejudice any discrimination claims under the ADA, Section 504, and Title IX brought by Plaintiff Fernandez on her own behalf. January 2017 Opinion at 8-9. In the Amended Complaint, Plaintiff Fernandez brings claims against the Pemberton Defendants under Title IX, Section 504, and Title II of the ADA, on behalf of her minor daughter, C.M., only. As the Court noted in its January 2017 Opinion, Plaintiff Fernandez may properly assert discrimination claims against the School District on behalf of her minor daughter. See D.V. v. Pennsauken Sch. Dist., 2013 WL 4039022, at *9 (D.N.J. Aug. 7,

6

2013) (noting that parents of a minor student may assert claims on the student's behalf).

Additionally, the Court dismissed with prejudice Plaintiffs' claims against the Individual Defendants. January 2017 Opinion at 10-11. Consistent with the Court's Opinion and Order, Plaintiffs do not attempt to reassert claims against the Individual Defendants in the Amended Complaint.

The Court now turns to the substance of Plaintiffs' allegations, as set forth in the Amended Complaint, and screens such allegations, pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds that Plaintiffs have sufficiently remedied the deficiencies identified in its January 2017 Opinion and have stated claims against the Pemberton Defendants for sex discrimination under Title IX and disability discrimination under Section 504 and Title II of the ADA.

**A. Title IX of the Education Amendments of 1972**

Plaintiffs seek relief under Title IX of the Education Amendments of 1972. Title IX provides, in relevant part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a). Plaintiffs allege that C.M. suffered sex

7

discrimination by other students and that the Pemberton Defendants failed to adequately respond to Plaintiffs' complaints.

As the Court previously explained, a plaintiff may pursue a claim for "student-on-student sexual harassment against school districts under Title IX . . . where the school district is deliberately indifferent to known acts of sexual harassment and the harasser is under the school's disciplinary authority." Doe v. Bellefonte Area Sch. Dist., 106 F. App'x 798, 799-800 (3d Cir. 2004) (internal citations omitted) (citing Davis Next Friend LaShonda D. v. Monroe Cty. Bd. Of Educ., 526 U.S. 629, 633 (1999)).

To adequately plead a Title IX claim against the Pemberton Defendants for sex discrimination against C.M. by her classmates, Plaintiffs must allege "(1) that the school board exercised substantial control over both the harasser and the context in which the harassment occurred; (2) the school board had 'actual knowledge' of the harassment; (3) the school board was 'deliberately indifferent' to the harassment; and (4) the harassment was 'so severe, pervasive, and objectively offensive that it [could] be said to [have] deprive[d] the victims of access to the educational opportunities or benefits provided by the school." Lockhart v. Willingboro High Sch., 170 F. Supp. 3d 722, 736 (D.N.J. 2015) (quoting Davis, 526 U.S. at 645, 650).

"Deliberate indifference occurs when a school district official 'is advised of a Title IX violation [and] refuses to take action.'" D.V., 2013 WL 4039022, at *9 (citing Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998)).

As the Court previously found in the January 2017 Opinion, Plaintiffs have sufficiently alleged the first three elements. See January 2017 Opinion at 13. In the Amended Complaint, Plaintiffs once again allege that that C.M. was harassed by other students within the School District on the basis of her sex while at school and that Plaintiff Fernandez notified the Pemberton Defendants of the incidents. Additionally, as the alleged harassment took place on school premises by Pemberton students, the Pemberton Defendants had substantial control over the alleged harassers and the context in which the harassment occurred. Moreover, liberally construing Plaintiff's pro se pleadings, the Court finds that Plaintiffs have adequately alleged deliberate indifference on the part of the Pemberton Defendants. Plaintiffs reassert their allegations that the Pemberton Defendants refused to take proper action after they became aware of the alleged harassment. Furthermore, Plaintiffs have again incorporated the OCR's determination that the Pemberton Defendants failed to take appropriate action in light of Fernandez's complaints that C.M. was harassed at school.

Thus, the Court finds that these elements remain sufficiently pled in the Amended Complaint.

In screening Plaintiffs' original Complaint, the Court determined that Plaintiffs failed to sufficiently allege that the harassment against C.M. was "so severe, pervasive, and objectively offensive that it [could] be said to [have] deprive[d] the victims of access to the educational opportunities or benefits provided by the school." January 2017 Opinion at 14 (quoting Davis, 526 U.S. at 652). The original Complaint alleged only two isolated incidents of harassment and did not allege how C.M. had been denied equal access to educational opportunities or benefits as a result of the alleged harassment. Id. pp. 14-15.

In the Amended Complaint, Plaintiffs have sufficiently remedied these deficiencies. In addition to the two incidents of alleged harassment in January 2015 and May 2015, which were pled in the original Complaint, Plaintiffs also allege that Plaintiff was "harassed to send nude photos of herself to the boys in the middle schools [and] to participate in various sexual acts with the boys in middle school." Am. Compl. pp. 12-13. Additionally, Plaintiffs now allege that Fernandez reported multiple complaints of sexual harassment to the Pemberton Township school officials between 2011 and 2014, but

10

that the Pemberton Defendants failed to take any action. Id.[2] Plaintiffs also explicitly allege that C.M. was deprived of the right to participate in a "protected school activity as the process of reporting assaults, harassment of disability, and sexual harassment." Id. p. 14. In the Amended Complaint, Plaintiffs allege that C.M. was deprived of the free and appropriate education to which she is entitled as the Pemberton Defendants' conduct deviated from her Individualized Education Program. Id. p. 13. Plaintiffs further allege that the sexual harassment and the Pemberton Defendants' deliberate indifference deprived C.M. of the ability to safely participate in educational activities, such after-school tutoring. Id. p. 20. Construed liberally, this Court finds that the Amended Complaint sufficiently states a violation of Title IX against the Pemberton Defendants.

---

[2] Plaintiffs set forth these allegations of complaints between 2011 and 2014 "[i]n order to enlighten the courts of past sex harassment." Am. Compl. p. 12. While Title IX claims stemming from events occurring prior to two-years of the filing of this action are likely barred by the applicable statute of limitations, these allegations nonetheless are informative to the Court and, liberally construed, assist in establishing the severity and pervasiveness of the alleged harassment. See Shine v. Bayonne Bd. of Educ., 633 F. App'x 820, 823 (3d Cir. 2015) (Title IX claim "must be brought pursuant to New Jersey's two-year statute of limitations for personal injury torts.") (citing Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); Bougher v. Univ. of Pittsburgh, 882 F2d 74, 77-78 (3d Cir. 1989)).

**B. Section 504 of the Rehabilitation Act and
   Title II of the Americans with Disabilities Act**

Plaintiffs also assert claims under both Section 504 of the Rehabilitation Act and Title II of the ADA. The Court, once again, considers Plaintiffs' claims under Title II of the ADA and Section 504 together, as "Congress has directed that the ADA be interpreted in a manner consistent with the Rehabilitation Act." Weidow v. Scranton Sch. Dist., 460 F. App'x 181, 184 (3d Cir. 2012) (internal quotations omitted; emphasis in original); accord Chambers ex rel. Chambers v. Sch. Dist. Of Phila. Bd. of Educ., 587 F.3d 176, 189 (3d Cir. 2009).

Plaintiffs must allege the following elements to state a claim under Section 504 of the Rehabilitation Act: "(1) [C.M.] was disabled; (2) (s)he was 'otherwise qualified' to participate in school activities; (3) the school district received federal financial assistance; and (4) [C.M.] was excluded from participation in or denied the benefits of the educational program receiving the funds, or was subjected to discrimination under the program." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 274-75 (3d Cir. 2014).

Similarly, to state a discrimination claim under Title II of the ADA, Plaintiffs must allege that (1) C.M. is a qualified individual with a disability; and that (2) she was excluded from participation in or denied the benefits of the services,

12

programs, or activities of a public entity, or was subjected to discrimination by any such entity; (3) by reason of her disability. Lopez v. Bear, 333 F. App'x 685, 687 n. 1 (3d Cir. 2009).

Moreover, a finding of intentional discrimination is required for claims for compensatory damages under both Section 504 and Title II of the ADA. S.H. ex rel. Durrell v. Lower Merion Sch. Dis., 729 F.3d 248, 261 (3d Cir. 2013). "A showing of deliberate indifference may satisfy a claim for compensatory damages" under Section 504 and Title II. Id. at 263. The Court reiterates that "[d]eliberate indifference does not require a showing of personal ill will or animosity toward the disabled person." Id. Rather, deliberate indifference exists where a defendant has knowledge "that a harm to a federally protected right is substantially likely" to occur and the defendant fails to act. Id. at 263.

In its January 2017 Opinion, the Court found that Plaintiffs sufficiently pled most of the elements of the Section 504 and Title II claims. Plaintiffs pled that C.M. qualifies under both Section 504 and Title II as disabled as she suffers from ADHD and that the Pemberton Defendants are public entities receiving federal funds. The original Complaint also alleged harassment against C.M. by other students because of her disability and that the Pemberton Defendants were aware of

13

Fernandez's allegations of disability discrimination against C.M., yet demonstrated deliberate indifference in failing to adequately address the issues.  2017 Opinion at 17-18.  The Court found, however, that Plaintiffs failed to sufficiently allege that C.M. was excluded from participation in or denied the benefits of services, programs, or activities offered by her school or that the Pemberton Defendants discriminated against her because of her disability.  Id. p. 18.

In the Amended Complaint, Plaintiffs now allege that the Pemberton Defendants are well-aware of their obligations under federal laws prohibiting disability discrimination, as evidenced by their participation in federal funding and the provision of special education programs.  Additionally, Plaintiffs allege that the Pemberton Defendants knew that Fernandez reported unlawful disability discrimination and yet they did not act. Am. Compl. p. 17.  Plaintiffs claim that school officials "lacked motivation" to properly address C.M.'s disability harassment allegations because of her disability, arguing that "if another type [of] student, such [as] an honor student [] made a similar allegation" to school officials, "[i]t would have been cause for the official[s] to take proper action."  Id. Further, Plaintiffs claim that this lack of motivation and inaction constitute a denial of services offered by the Pemberton Defendants due to C.M.'s disability, and that "[t]he

incidents are not isolated and the discrimination is noted throughout the districts [sic] grade school and middle school." Id. p. 18.

The Court has reviewed the Amended Complaint and, liberally construing Plaintiffs' pro se allegations and accepting all well-pled allegations as true, as this Court must, the Court finds that Plaintiffs' Amended Complaint sufficiently remedies the deficiencies identified in the January 2017 Opinion and states a claim under Title II of the ADA and Section 504 against the Pemberton Defendants.

   **C. Motion for Punitive Damages**

On March 30, 2017, the Court received a submission by Plaintiffs captioned "Motion for Punitive Damages", requesting an award of punitive damages under N.J.S.A. 2A:15-5.12 [Docket No. 7]. The submission states that "Plaintiff C.M. believes NJSA 2A:15-5.12 is consistent with Title IX and Title II, ADA, Section 504" and requests "the maximum penalty allowed under law for punitive damages." Id.

In its January 2017 Opinion, the Court dismissed with prejudice Plaintiffs' requests for punitive damages for violations of the ADA, Section 504, and Title IX. January 2017 Opinion at 19-20. The Court explained that, as a matter of law, a plaintiff may not recover punitive damages in connection with violations of Title II of the ADA, Section 504, or Title IX.

15

Id. The Court reiterates its holding here. Punitive damages may not be awarded for violations of Title II of the ADA, Section 504 of the Rehabilitation Act, or Title IX of the Education Amendments. Barnes v. Gorman, 536 U.S. 181, 189 (2002) (holding that punitive damages may not be awarded in private suits brought under Title II of the ADA and Section 504 of the Rehabilitation Act); A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804 (3d Cir. 2007) ("Punitive damages are not available" for violation of Section 504); E.K. v. Massaro, 2013 WL 5539357, at *6 (D.N.J. Oct. 7, 2013) (citing Mercer v. Duke Univ., 50 F. App'x 643, 644 (5th Cir. 2002)) (holding that punitive damages are unavailable under Title IX). Moreover, Plaintiffs' reliance on N.J.S.A. 2A:15-5.12is misplaced. N.J.S.A. 2A:15-5.12, a state statute, cannot serve as the basis for a punitive damages award for violations of federal civil rights laws. Accordingly, Plaintiffs' Motion for Punitive Damages is denied.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiffs' allegations survive a preliminary screening with regard to the following causes of action against the Pemberton Defendants: sex discrimination in violation of Title IX and disability discrimination under Section 504 of the Rehabilitation Act and Title II of the ADA. Accordingly the Court will direct the

Clerk of the Court to reopen the case, file the Complaint, and issue summons. An appropriate Order shall issue on this date.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                UNITED STATES DISTRICT JUDGE

Dated: June 29, 2017